UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | |
|---|---|
| MARLIN GIPSON,<br><br>    Plaintiff,<br>v.<br><br>HARRIS COUNTY SHERIFF'S OFFICE; HARRIS COUNTY; AND JOHN DOE CONSTABLES 1 AND 2.<br><br>    Defendants. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff MARLIN GIPSON ("Plaintiff"), by and through his attorneys, brings this action for damages and other legal and equitable relief from Defendants HARRIS COUNTY SHERIFF'S OFFICE, HARRIS COUNTY, and JOHN DOE CONSTABLES 1 and 2 (collectively "Defendants"), for violations of 42 U.S.C. § 1983, Texas state tort claims, and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiff seeking damages from Defendants for acts of unlawful arrest, excessive force, inadequate training, false arrest, battery, negligent hiring, retention, and supervision, and intentional emotional injury committed by members of the Harris County Sheriff's Office as agents of Defendants or Defendants themselves.

2. Plaintiff was at the relevant time a college student in Houston pursuing a degree in business and running a lawn care business on the side with his brother. While in the course of his lawful business, Plaintiff was subjected to harassment and aggressive conduct by members of the Harris County Sheriff's Office, including battery resulting in personal injuries and unlawful arrest.

3. As a result of Defendants' unlawful actions, Plaintiff is entitled to recover for damages pursuant to: violations of his rights under the United States Constitution, including protections against unreasonable searches and seizures under the Fourth Amendment; deprivation of rights under 42 U.S.C. § 1983; and tort claims under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.001, *et seq*.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq*., as amended, and (iii) 42 U.S.C. §§ 1983 *et seq*., as amended.

5. The Court's supplemental jurisdiction is invoked by 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## PARTIES

7. Plaintiff is a person who has been aggrieved by Defendants' actions. He is and has been, at all relevant times, a Black citizen of the United States of America and a resident of the state of Texas.

8. Defendant Harris County Sheriff's Office is located at 1200 Baker Street, Houston, TX 77002 in Harris County.

9. Defendant Harris County Municipal Government is located in the state of Texas and within the Southern District of Texas, Houston Division.

10. Defendant John Doe Constables 1 and 2 were each, at all times pertinent to this complaint, employed by the Harris County Sheriff's Office as certified peace officers working in Harris County, Texas and acting under color of state law.

## STATEMENT OF THE FACTS

11. Plaintiff was at the relevant time a college student in the Houston, Texas area. He was running a lawn care business with his brother.

12. On July 18, 2017, Plaintiff went door-to-door in his neighborhood passing out business cards. Plaintiff's brother and friend were engaged in yardwork at a nearby home.

13. Plaintiff was approached by a Harris County Constable (John Doe Constable 1) who asked what he was doing. Plaintiff explained that he was distributing business cards while a lawn mower and other supplies were in view.

14. John Doe Constable 1 ("Constable 1") asked Plaintiff to display his identification. Plaintiff refused and asked Constable 1 for his badge number. Constable 1 refused to provide his badge number.

15. Plaintiff walked home to avoid further confrontation. Upon information and belief, Constable 1 called for back-up.

16. A second constable (John Doe Constable 2, collectively with all other constables "the Constables") followed Plaintiff home and further demanded identification from Plaintiff. Plaintiff shut and locked the front door and locked himself in his mother's bedroom.

17. The Constables broke down both the front door and the bedroom door to get to Plaintiff. The Constables entered the room with additional constables and a police dog.

18. Plaintiff remained still with his hands raised in the air.

19. Though Plaintiff remained still, the Constables tasered Plaintiff in the back.

20. The shock from the taser caused Plaintiff to make abrupt motions and hit his head, which triggered an attack by the police dog. The dog repeatedly bit Plaintiff's arm, causing severe bite marks and puncture wounds.

21. Plaintiff was then tasered again by the Constables and an unidentified constable stepped on his upper back near his neck and head.

22. The Constables handcuffed and arrested Plaintiff, taking him from his house to Ben Taub Hospital for treatment of his wounds. Plaintiff was not permitted to contact his family at this time, nor did the hospital notify Plaintiff's family of his treatment.

23. While at the hospital purportedly receiving treatment for the injuries caused by the Constables, Plaintiff was handcuffed to the bed. Plaintiff received a bill for this hospital visit.

24. The Constables then took Plaintiff to the Harris County Sheriff's Office and held him there until he was able to post bond. Plaintiff's wounds continued to bleed as he waited in jail.

25. Plaintiff was charged with failure to provide identification and evading arrest. These charges were dropped due to insufficient evidence.

26. To this day, Plaintiff suffers post-traumatic stress disorder, nerve damage to his arm, back pain, scars from the canine bites, and a permanent knot on his head. Plaintiff continues to experience severe emotional distress and physical pain as a result of the Constables' actions and the injuries they caused.

27. Plaintiff has sought physical therapy in order to regain use of his arm due to the damage caused by the police dog.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C. § 1983, Civil Action For Deprivation of Rights
### (Unlawful Arrest)

28. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

29. The conduct alleged herein deprived Plaintiff of rights and privileges secured and protected by the United States Constitution and the laws of the United States, namely the Fourth Amendment right to be free from unreasonable searches and seizures and freedom from deprivation of life and liberty without due process of law.

30. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C. § 1983, Civil Action For Deprivation of Rights
### (Excessive Force)

31. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

32. The conduct alleged herein deprived Plaintiff of rights and privileges secured and protected by the United States Constitution and the laws of the United States, namely the Fourth

Amendment right to be free from excessive use of force against his person during the course of an arrest.

33. Plaintiff's requests for relief are set forth below.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C. § 1983, Civil Action For Deprivation of Rights
### (Inadequate Training)

34. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

35. Defendants Harris County Sheriff's Office and Harris County are also liable under 42 U.S.C. § 1983 because (1) their training procedures relating to arrests, interactions with community members, and appropriate force are inadequate; (2) Defendants were deliberately indifferent to the constitutional rights of the public in adopting the training policies; and (3) the inadequate training has directly caused Plaintiff's damages—he has been unlawfully arrested and battered by Defendants. These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

36. Plaintiff's requests for relief are set forth below.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C. § 1983, Civil Action For Deprivation of Rights
### (Official Policy or Custom)

37. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

38. The Harris County Sheriff's Office is liable under 42 U.S.C. § 1983 because the deprivation of Plaintiff's constitutional rights was inflicted pursuant to their official policies or customs. Such policies or customs were a direct cause-in-fact of the deprivation of Plaintiff's constitutional rights. The policies or customs were the proximate cause of the injuries sustained.

The policies or customs reflect a deliberate indifference to the risk that a violation of a constitutional or statutory right will result from following the policies or customs. These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

39. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FIFTH CAUSE OF ACTION
### False Arrest

40. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

41. The conduct alleged herein constitutes false arrest because Defendants and/or Defendants' agents willfully detained Plaintiff without Plaintiff's consent and without authority of law.

42. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SIXTH CAUSE OF ACTION
### False Imprisonment

43. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

44. The conduct alleged herein constitutes false imprisonment because Defendants and/or Defendants' agents willfully detained Plaintiff without his consent and without authority of law.

45. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### Battery

46. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

47. The conduct alleged herein constitutes battery because Defendants and/or Defendants' agents intentionally caused bodily injury to Plaintiff by tasering him and stepping on him.

48. Further, the conduct alleged herein constitutes battery because Defendants and/or Defendants' agents intended to cause a harmful or offensive contact with Plaintiff's person, or an imminent apprehension thereof, by setting a police canine on him and because injury to Plaintiff resulted.

49. Plaintiff's requests for relief are set forth below.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### Negligent Hiring, Retention, and Supervision

50. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

51. Defendants Harris County Sheriff's office and Harris County had a duty to protect Plaintiff from harm resulting from their employment of constables that committed unlawful acts against Plaintiff. Defendants breached that duty by hiring, retaining, and failing to train, supervise, or discipline these constables. The conduct of Defendants proximately caused Plaintiff significant damages.

52. Plaintiff's requests for relief are set forth below.

## AS AND FOR A NINTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

53. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

54. Defendants' and/or Defendants' agents' conduct was intentional, extreme, and outrageous. As a result of Defendants' and/or Defendants' agents' actions, Plaintiff experienced severe emotional distress.

55. Plaintiff's requests for relief are set forth below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. Declaring that the practices complained of herein are unlawful and in violation of the rights of the Plaintiff under U.S. Const. Amend. IV and 42 U.S.C. § 1983;

B. Awarding all damages which Plaintiff has sustained as a result of Defendants' conduct, including for physical injuries, medical bills, emotional distress, and anguish;

C. Pre-judgment and post-judgment interest, as provided by law;

D. Awarding Plaintiff punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, oppressive, and/or malicious conduct;

E. Granting Plaintiff reasonable and necessary attorneys' fees and expenses which Plaintiff has incurred and will continue to incur during all trial and appellate court proceedings pursuant to 42 U.S.C. § 1988;

F. That the Court retain jurisdiction over Defendants until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Awarding Plaintiff such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Plaintiff also seeks injunctive relief, including, but not limited to:

A. Training on appropriate force and de-escalation tactics for all law enforcement officials employed by Defendants;

B. Supervisory discipline up to and including termination for any agent of Defendants' who engages in such unlawful arrest and excessive force;

C. Supervisory discipline up to and including termination for John Doe Constables 1 and 2, or any other agent of Defendants' involved in the incidents described herein;

D. Monitoring by the Court or a federal agency to ensure that Defendants comply with all injunctive relief.

Plaintiff further demands that he be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: July 17, 2019

Respectfully submitted,

/s/Jay D. Ellwanger_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy, Ste. 190
Austin, Texas 78731
Telephone: (214) 948-3334
Facsimile:  (214) 853-9410

S. Lee Merritt (*pro hac vice* to be filed)
PA Bar No. 314891
Merritt Law Firm LLC
1910 Pacific Ave. Suite 8000
Dallas, Texas 75201
slm@merrittatlaw.com

*Counsel for Plaintiff*