United States District Court
Southern District of Texas

**ENTERED**

October 15, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARLIN GIPSON
*Plaintiff*,

v.                                            Civil Action No. 4:19-CV-2591

HARRIS COUNTY, TEXAS, ET AL.,
*Defendants*.

## MEMORANDUM AND RECOMMENDATION

Pending before the Court in this civil rights case is the Motion to Dismiss Plaintiff's Second Amended Complaint by Putative Defendant Harris County Constable Precinct 1 (Non Sui Juris) Pursuant to Rule 12(b)(6), Fed. R. Civ. P. ECF 43.[1] Having considered the parties' submissions and the law, the Court recommends the motion be GRANTED.

### I.      Background

Plaintiff contends that Harris County Precinct 1 Constable Deputies Gerald Cates, Mitchell Jones, and Rudy Guillen (the Deputy Defendants) violated his constitutional rights and committed intentional state law torts in the course of arresting him on charges of failing to produce identification and evading arrest.[2] Plaintiff alleges that on July 18, 2017 he was a local college student passing out business cards for the lawn care business he was running with his brother when he was approached by Deputy Cates.[3] Cates asked Plaintiff for his

---

[1] The District Court has referred this case to this Magistrate Judge for pretrial management.  ECF 41.

[2] Plaintiff filed his Original Complaint asserting claims against Harris County Sheriff's Office, Harris County, and John Doe Constables 1 and 2 on July 17, 2019.  ECF 1.  After dismissal of Harris County Sheriff's Office, the Court granted Plaintiff leave to file a First Amended Complaint adding Harris County Constable Precinct 1, Constable Alan Rosen, and Deputies Cates, Jones, and Guillen. ECF 19.  All Defendants filed motions to dismiss, and the Court granted Plaintiff leave to file a Second Amended Complaint.  ECF 42.  Plaintiff's Second Amended Complaint (ECF 31-1) is the operative pleading in this case.

[3] The Second Amended Complaint does not distinguish between the three Deputies, but in his Response Plaintiff concedes that his initial confrontation was with Deputy Cates.  ECF 54 at 3.

identification, which Plaintiff refused to provide.  Plaintiff asked Deputy Cates for his badge number, which Deputy Cates refused to provide.  Plaintiff then walked to his home to avoid further confrontation.  Deputy Cates called for back-up.  ECF 31-1 at ¶¶ 12-16.

Deputies Jones and Guillen followed Plaintiff home and demanded that he produce identification.  Plaintiff again refused, locked the front door of his house, and locked himself in his mother's bedroom.  The Deputies broke down both doors and entered the bedroom with a police dog.  One of the Deputies tasered Plaintiff in the back while he was standing still with his hands in the air.  The taser caused Plaintiff to make a sudden movement and the dog attacked him, repeatedly biting his arm.  A Deputy tasered Plaintiff a second time and then a Deputy stepped on his upper back near his neck and head. Plaintiff was transported to Ben Taub Hospital for treatment.  Plaintiff was charged with failure to provide identification and evading arrest, but the charges were dropped.  *Id.* at ¶¶ 17-26.

Plaintiff has asserted claims against Harris County Constable Precinct 1 under 28 U.S.C. § 1983 for deprivation of his constitutional rights and failing to properly train the Deputies and under state common law for negligent hiring, retention, and supervision.  ECF 31-1 at ¶¶ 36, 39, 2 at p.9.  Constable Precinct 1 now moves to dismiss all claims against it, contending it lacks capacity to sue and be sued.  ECF 43.

As a threshold matter, the Court addresses the question of whether Plaintiff's Second Amended Complaint asserts a cause of action against Constable Alan Rosen.  The only mention of Constable Rosen in the Second Amended Complaint is in the section identifying him as a Defendant:

> Defendant Constable Alan Rosen is head of Harris County Constable Precinct 1 and, at all times pertinent to this complaint, employed by the Harris County Constable's office as certified peace officers working in Harris County, Texas and acting under color of state law.

ECF 31-1 ¶10.  In contrast to the individual Deputies, the Second Amended Complaint asserts no tort claims against Constable Rosen in his individual capacity.  *See id.* at ¶ 3, and pp.9-10 (asserting tort claims against Deputy Constables Cates, Jones, and Guillen, in their individual capacities, for false arrest, false imprisonment, battery, and intentional infliction of emotional distress.").  The Second Amended Complaint also does not identify Constable Rosen as the target of its failure to train or negligent supervision claims.  *See* ECF 31-1 at ¶ 36 (asserting § 1983 claim for inadequate training against Harris County and Harris County Constable Precinct 1); ¶ 39 (asserting § 1983 official custom or policy claim against Harris County and Harris County Constable Precinct 1); ¶ 3, and pp.9-10 (asserting tort claims against Defendants Harris County and Constable Precinct 1 for negligent hiring, retention, and supervision).

There is no basis for construing the Second Amended Complaint to assert § 1983 false arrest and excessive force claims against Constable Rosen in his individual capacity. Plaintiff does not allege that Constable Rosen was personally involved in or causally connected to the excessive force.  *See Khansari v. City of Houston*, 14 F. Supp. 3d 842, 852–53 (S.D. Tex. 2014) ("Absent personal involvement or notice, supervisors cannot be held liable for subordinates' actions.").  Furthermore, Rosen has not been personally served. *See* ECF 8, 9, 36 (returns of summons as to Harris County, Harris County Sheriff's Office, Harris County Constable Precinct 1, Deputy Constables Gates, Jones, Guillan).  Therefore,

to the extent the Second Amended Complaint asserts any claim against Constable Rosen, the Court interprets it as a claim against him in his official capacity that is duplicative of Plaintiff's claims against Harris County and Precinct 1.

The Supreme Court established years ago that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is not a suit against the official personally, for the real party in interest is the entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *See Moss v. Harris Cty.*, No. CV H-14-2180, 2016 WL 9049981, at *2 (S.D. Tex. Jan. 13, 2016), *aff'd sub nom. Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413 (5th Cir. 2017) (holding that claims brought against Constable Rosen in his official capacity are treated as claims against the entity Harris County). Therefore, any claim against Constable Rosen in his official capacity is subsumed within Plaintiff's claims against Precinct 1 and Harris County and the Court recommends it be dismissed.

Constable Precinct 1's Motion to Dismiss is addressed below.

## II.   Analysis

### A.  Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the

light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.2d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### B.  Harris County Constable Precinct 1 lacks legal capacity to sue or be sued.

Federal Rule of Civil Procedure 17(b) addresses a party's capacity to sue or be sued. Rule 17(b)(3) provides that, for parties other than individuals sued in their individual capacity and corporations, the law of the state in which the federal court is located determines a party's ability to sue and be sued.   See *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 3113 (5th Cir. 1991).   Under Texas law, constables, sheriffs, and police departments are agencies not capable of being sued unless the superior corporation (e.g., the county or city) grants the agency "jural authority." *Id.*; *see Miller v. City of Houston*, No. 4:11-CV-429, 2013 WL 6222539, at *4 (S.D. Tex. Nov. 29, 2013) (citation omitted) ("In Texas, county sheriffs and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'").

In *Miller,* the district court dismissed claims against the Harris County Constable's Office, Precinct Seven, because it "is not a legal entity under Rule 17(b) and therefore, lacks the legal existence and capacity to be sued for the violations alleged."  *Id.* at *5; *see also Ramos v. Lucio*, No. CV B-08-122, 2008 WL 11503546, at *2 (S.D. Tex. Sept. 24, 2008) ("Plaintiffs have not alleged facts showing that Defendant Precinct 6 Constable's Office has been established as a separate legal entity.… Consequently, Precinct 6 Constable's Office

should be dismissed for lack of jural capacity."); *Thomas v. Houston Cty. Precinct No. 3*, No. CIV.A. 9:05CV85, 2005 WL 1629793, at *2 (E.D. Tex. July 11, 2005) (granting motion to dismiss Houston County Precinct No. 3 because plaintiff did not show it had the legal capacity to sue or be sued).  Furthermore, the Fifth Circuit recently affirmed dismissal of claims against a Constable's Precinct because the Plaintiff could not show the Constable's Precinct has the capacity to sue and be sued under Texas law.  *Lancaster v. Harris Cty.*, No. 19-20445, 2020 WL 3958213, at *4 (5th Cir. July 10, 2020) ("Lancaster has directed us to no Texas law permitting Harris County entities (including the DA's Office, the District Clerk's Office, and precincts of the Constable's Office) to sue or be sued separately from Harris County. These offices therefore have no place in this lawsuit.").

In response to the motion to dismiss, Plaintiff argues that discovery is needed to determine whether Harris County and Precinct 1 "indeed function separately." But Plaintiff's response fails to address clear case law, *e.g. Lancaster* and *Miller*, which dismissed claims against Constable Precinct agencies because Harris County had not granted them the authority to sue and be sued.  Here, as in *Lancaster* and *Miller*, Plaintiff has failed to present any authority demonstrating that Harris County's Constable's Precinct 1 has been granted the capacity to sue and be sued.  In accord with controlling precedent in this district, the Court concludes that Precinct 1 lacks the legal capacity to sue and be sued. Therefore, Plaintiff cannot state a plausible claim for relief against Precinct 1.

## III.    Conclusion and Recommendation

Plaintiff has amended his complaint twice.  Repleading the claims against Constable Precinct 1 would be futile because the Precinct has no legal capacity to be sued separately

from Harris County.   Therefore, the claims against Precinct 1 should be dismissed. Additionally, Plaintiff's claims against Constable Rosen in his official capacity suffer from the same defect and should similarly be dismissed.   The Court therefore **RECOMMENDS** that Precinct 1's Motions to Dismiss (ECF 43) be **GRANTED** and Plaintiff's claims against Precinct 1 and Constable Rosen in his official capacity be **DISMISSED**.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

 Signed on October 15, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

7