UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARLIN GIPSON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-2591 |
| | § | |
| HARRIS COUNTY, TEXAS, et al., | § | |
| *Defendants*. | § | |

DEFENDANTS JONES' AND GUILLEN'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendant Deputies Mitchell Jones and Rudy Guillen reply to Doc. No. 81, Plaintiff's

response to Defendants Jones' and Guillen's motion for summary judgment.

## I.    Defendants raised the limitations defense in their initial pleading.

1.      Plaintiff's claim of waiver is baseless. Deputies Jones and Guillen asserted limitations as

a defense in Defendants' initial responsive pleading. [Doc. 73, ¶2]. Under the Federal Rules of

Civil Procedure, "[o]nly [specifically delineated] pleadings are allowed." *See* FED. R. CIV. P.

7(a). A motion to dismiss, under FED. R. CIV. P. 12(b)(6), is not a "pleading." *Compare*, FED. R.

CIV. P. 7(a); 8; 12(a)(1, 4,); (b); (h)(1)(B)(ii); *Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 375,

379 n.3 (5th Cir. 2019) ("Rule 12(b)(6) motion is not a responsive pleading.") (quoting

*McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002)(internal citations

omitted)); *see also* 3 MOORE'S FEDERAL PRACTICE – CIVIL § 13.15 (2021). Since the Deputies

raised limitations as a defense in their initial pleading, FED. R. CIV. P. 7(a)(2), Plaintiff's waiver

argument has no bases . The Deputies did not waive or forfeit their limitations defenses.

## II.   Plaintiff's claims against Deputies Jones and Guillen do not relate back to Plaintiff's initial complaint.

2.      The only purported legal authority Plaintiff argues supports his contention that Plaintiff

timely asserted claims against Deputies Jones and Guillen is an unpublished Mississippi District

Court opinion with obviously distinguishable facts. *See McBroom v. Payne*, 2010 U.S. Dist. LEXIS 107124 *4-13 (S.D. Miss October 6, 2010). Plaintiff McBroom timely named and sued Sergeant John Massengill within the applicable limitations period. During the litigation, McBroom stipulated to dismissal, without prejudice, the claims against Sergeant Massengill in his individual capacity. *Id*. at *4. When a dispute later arose regarding the effect of the stipulation, McBroom sought to reassert claims against Sergeant Massengill. *Id*. Sergeant Massengill contended limitations barred McBroom from doing so. *Id*. at *713. The district court opined limitations did not bar McBroom's claims in that context, which in no way compares to the legal or factual issues the Deputies have raised in the case now before this Court.

3.      Plaintiff was arrested on July 18, 2017. On September 1, 2013, through Texas Code of Criminal Procedure Article 39.14, the State of Texas greatly expanded all criminal defendants' rights to discovery in criminal cases. The Texas criminal discovery statute in place when Plaintiff was arrested provided Plaintiff a right to access of to the records regarding his arrest, many of which were available from the Harris County Clerk's Office as public records. Beyond that, governmental records that identified Deputy Jones' and Deputy Guillen's involvement in Plaintiff's arrest were also available to the Plaintiff for the asking under the Texas Public Information Act. *See* TEX. GOV'T CODE Chapter 552.

4.      After Plaintiff had one day less than two years to investigate his claims, Plaintiff filed suit on July 17, 2019 suing only Harris County and its Sheriff's Office. [Doc. 1]. In his original complaint, Plaintiff also listed John Doe Constables 1 and 2 but identifying only fictitious *John Doe* defendants is insufficient, as a matter of law, to timely assert a claim against Deputies Jones and Guillen. *See Whitt v. Stephens County*, 529 F.3d 278, 282-83 (5th Cir. 2008).

5.      Plaintiff obviously knew his "John Doe" pleading was insufficient, because Plaintiff amended his complaint to name Deputies Jones and Guillen on February 14, 2020, [Doc. 19] nearly seven months after limitations had expired. Because Plaintiff added Deputies Jones and Guillen as defendants after the limitations period had run, "**the [P]laintiff must show both** that the **added defendant[s] received adequate notice of the original lawsuit** and that the **defendant[s] knew** that, **but for a mistake concerning the identity of the defendant[s]**, the **action would have brought against the defendant[s]**. *See Winzer v. Kaufman County*, 916 F.3d 464, 470 (5th Cir. 2019) (emphasis added). Plaintiff has not proved either, as is his burden. The summary judgment record disproves both elements.

6.      Fed. R. Civ. P. 15(c)(1)(C) "is meant to allow an amendment **changing the name of a party** to relate back to the original complaint **only if** the **change is the result of an error**, such as a misnomer or misidentification." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (emphasis added) (internal citations omitted). When, like here, Plaintiff intentionally names "a 'John Doe' defendant, there [is] no 'mistake' in identifying the correct defendant; rather, the problem [is] not being able to identify that defendant." *Balle v. Nueces County*, 952 F.3d 552, 557 (5th Cir. 2017). "[A]n amendment to substitute a party for a John Doe Defendant does not relate back under Rule 15(c)." *Whitt*, 529 F.3d at 283.

7.      Deputies Jones and Guillen have provided uncontroverted testimony proving they were each surprised to be added as defendants in this lawsuit in April 2020.  [Doc. 77-1 ¶ 19; 77-2 ¶ 14]. The summary judgment evidence proves that before Deputies Jones and Guillen were served with process in April 2020, neither Deputy had any reason to believe he would be sued regarding his interaction with Plaintiff. [Doc. 77-1 ¶ 19; 77-2 ¶¶ 14-15]. Deputies Jones and Guillen did not even know a lawsuit was filed until they were served with process. [Docs. 77-1 ¶ 19; 77-2 ¶ 15].

8.      In *Jacobsen*, the plaintiff filed a complaint against "John Doe" defendants. *Jacobsen*, 133 F.3d at 317. Like Plaintiff here, after the limitations period passed, Jacobsen identified the other deputies involved in Jacobsen's arrest and Jacobsen untimely moved to add those deputies as defendants. *Id*. Such amendment "was not necessitated by the 'mistake' or 'misidentification' at which Rule 15(c)[] is aimed" and therefore, "the Rule does not allow relation back to the filing of the original complaint." *Id*. at 321-322.

9.      In *Winzer v. Kaufman County*, 916 F.3d 464, 471 (5th Cir. 2019), the Fifth Circuit Court rejected the same argument Gipson makes before this Court. Like the *Winzer* plaintiffs, Gipson argues his claims against Deputies Jones and Guillen should relate back to the original complaint because that complaint listed unknown officers that provided notice to officers named only after limitations had expired, and the plaintiffs "diligently tried to identify the officers and added them as soon as they did." *Id*. at 470-71. Rejecting the same unsupported arguments Plaintiff makes here, the *Winzer* court held that, as a matter of settled-law, "[n]either argument has merit." *Id*. at 471. "[A]n amendment to substitute a named party for a John Doe does not relate back under Rule 15(c)." *Id*. (quoting *Whitt*, 529 F.3d at 282-83. "Thus, to the extent [Plaintiff] sued "unknown officers," they cannot use these "John Doe" claims to now substitute in [Deputies Jones and Guillen] after the limitations period." *Id*. The Court went even further:

> even if [Plaintiff was] diligent in trying to identify [Deputies Jones and Guillen], such failures to identify do not relate back. Rule 15(c) requires a "*mistake* concerning the identity of a party." *See Jacobsen*, 133 F.3d at 321. "Failing to identify individual defendants cannot be characterized as a mistake." *Id*.

*Winzer*, 916 F.3d at 471. Like *Winzer*, Plaintiff presents no evidence of any mistake.  Indeed, Plaintiff chose to sue "John Doe" on purpose, even though Plaintiff has no reason to believe that identified any deputy.

10.     Simply, but as clearly put by controlling circuit precedent, Plaintiff's claims against Deputies Jones and Guillen do not relate back to the original complaint as a matter of law.

11.     But even if *arguendo,* Rule 15 could accommodate Plaintiff's argument, the summary judgment record still shows Plaintiff's argument is factually insupportable. Unbeknownst to Deputy Jones or Guillen who were unaware of even the existence of litigation before they were served with process, with even basic effort utilizing discovery while Plaintiff's lawsuit was on file, Plaintiff could have easily and promptly identified, sued and served both Deputies any time after the discovery period commenced on October 2, 2019 [Doc. 16 p. 1]. The record demonstrates beyond reasonable argument that Plaintiff simply shirked his basic responsibilities before filing suit and for four months after limitations expired before naming Deputy Jones or Guillen as Defendants.  [Doc. 19]. And even then, Plaintiff did not serve either Deputy with process for two additional months. [Doc. 36]. Not only does the record not support Plaintiff's contention he sued Deputies Jones and Guillen as soon as reasonably possible, all of the evidence, including the calendar, disproves any such assertion. *Compare Winzer*, 916 F.3d at 471. Plaintiff's claims against Deputies Jones do not relate back to the original complaint.

### III.     Equitable tolling does not cure the limitations bar.

12.     Recognizing that relation-back does not  absolve Plaintiff, he next suggests equitable tolling. However "[e]quitable tolling is a **rare remedy** to be applied in **unusual circumstances**, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396, 127 S. Ct. 1091 (2007) (emphasis added). "A person seeking the benefit of equitable tolling 'must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way and prevented timely filing.'" *Andrade v. Odessa Police Dep't*, 472 Fed. Appx. 323 (5th Cir. 2012) (per curiam) (quoting *Lawrence v. Florida*, 549 U.S. 327,

336, 127 S. Ct. 1079 (2007)). "Traditional equitable principles preclude a court from invoking equitable tolling, however, when the party seeking relief has an adequate legal or statutory remedy to avoid the consequences of the statute of limitations." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995).   "Equitable tolling thus applies 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). "As a consequence, 'neither excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling." *Id*.

13.     Against this high burden, Plaintiff makes only the half-hearted *conclusory* argument "limitations issues have only arisen due to the actions of the Defendants themselves," [Doc. 81, p. 16]. Plaintiff has not presented any evidence, or even substantive argument, supporting the assertion Plaintiff failed to sue Deputy Jones or Deputy Guillen due to either Deputy misleading the Plaintiff in some way. While, "state equitable tolling principles control in § 1983 cases," *King-White v. Humble Independent School District*, 803 F.3d 754, 764 (5th Cir. 2015), Plaintiff has not identified any theory under which an equity tolling principle is available under Texas law that would toll limitations under the facts of this case.

14.     The summary judgement record is barren of unusual circumstances that warrant application of this rare remedy, and the record demonstrates the Plaintiff has not diligently pursued a claim against Deputy Jones or Deputy Guillen. Instead, the record reveals common circumstances and Plaintiff's blatant indifference in pursuing claims belie application of equitable tolling. Apparently without any pre-suit investigation of the facts, Plaintiff filed suit against Harris County two years after Plaintiff's arrest. That Fifth Circuit has made clear that filing suit on the eve of limitations does not weigh in favor of equitable tolling. *See Balle*, 952

F.3d at 558. The record does not establish that Plaintiff had no adequate legal or statutory remedy available to avoid the consequences of the statute of limitations. *See Lambert supra.* Likewise, Plaintiff has not demonstrated *King-White*, 803 F.3d at 764. Equitable tolling does not cure the limitations bar.

**IV.   Fifth Circuit precedent requires each deputy's actions be analyzed separately**

15.   In *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007), the district court analyzed the actions of four officers based on the district court's conclusion the officers acted "in unison." The Fifth Circuit found the district court erred when it used that approach. In remanding the question of immunity to the trial court, the Fifth Circuit mandated that a court must analysis each officer's actions separately to decide the question of immunity as to each. The Supreme Court has recently made this clear. *See Taylor v. Riojas*, 141 S. Ct. 52, 54 (2020)

16.   Contrary to Plaintiff's argument, *Peña v. Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018), did not hold that it was appropriate to jointly analyze different officers' actions. In accord with *Meadours*, *Peña* held it was appropriate to analyze each officer's actions separately. *Peña* discussed that the officers participated in distinct ways by using force in different ways during the same incident. *Id*. Under *Meadours* and *Peña*, Deputies' Jones' and Guillens' different uses of force must be analyzed separately. To the extent, if any, the Court finds differences between the cases, the Fifth Circuit Rule of Orderliness renders Meadours controlling. *See Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 425 n. 4 (5th Cir. 2017).

**V.   Plaintiff fails to disprove the presumption of each Deputy's qualified immunity.**

17.   Plaintiff has not identified any case opinion that would have informed either Deputy that the force he used was clearly illegal. *See Vann v. City of Southaven*, 884 F.3d 307, 310 (5th Cir. 2018) (Per Curiam). *Newman v. Guidry*, 703 F.3d 757, 760 (5th Cir. 2012), is inappropriate because in *Newman* the officers did not issue verbal commands to submit to arrest before

deploying a Taser, he opposite of what occurred in this instance. Also unlike *Newman*, who consented to a search for weapons before the Taser was used, Gipson had not been searched when Deputy Guillen utilized his Taser or when Deputy Jones' dog grasped Gipson. Plaintiff's citation to *Cooper v. Brown*, 844 F.3d 517, 521 (5th Cir. 2016), is equally unavailing. In that case Cooper did not attempt to flee or strike the K-9, but Gipson did both before anyone used force to arrest Gipson. In *Samples v. Vadzemnieks*, 900 F.3d 655, 663 (2018), the deputy knew Samples was unarmed and nonviolent when the deputy tased Samples. Relying on *Carroll v. Ellington*, 800 F.3d 154 (5th Cir. 2015), the Samples Court held that the deputy did not violate clearly established law in using a Taser. *See Samples*, 900 F.3d at 662-63. *Ramirez v. Martinez*, 716 F.3d 369, 372-73 (5th Cir. 2013), also fails to speak to the issues in the case at bar at the level particularity necessary to disprove immunity. The issue in *Ramirez* was whether the officer's use of a Taser after handcuffing Ramirez was excessive force. *Id*. at 373. Here the evidence shows no Deputy used any force against Gipson *after* Gipson  was handcuffed. Unlike Gipson, in *Clark v. Massengill*, 641 Fed. App'x. 418, 420 (5th Cir. 2016), officers used the force of a taser and K-9 *after* Clark, a man with an artificial right hip and a crippled right arm who had just driven his car into a tree, had stopped  resisting and was making no attempt to flee.

18.     The facts in the instant case are most analogous to those in  *Escobar v. Montee*, 895 F.3d 387, 390 (5th Cir. 2018), wherein Escobar fled and hid from the police only to be discovered by a K-9. In *Escobar*, the officer waited until after Escobar was handcuffed to remove the canine. *Id*. In the case at bar Deputy Jones withdrew his K-9 before Gipson was handcuffed. [Doc. 77, Ex. 4]. As in *Escobar*, the concern the suspect might have a weapon within reach was a significant factor in supporting the very similar conduct of the officers and thus qualified immunity. *See Escobar*, 895 F.3d at 394.

8

19.     Deputies Jones and Guillen are presumed to be entitled to qualified immunity because they were not forewarned their respective actions were clearly unlawful. Rather, the case law cited in Defendants' motion for summary judgment and here would have instructed both Deputies their conduct was constitutional. The case law certainly did not foreclose any question or doubt, as is Plaintiff's burden to present to avoid dismissal on immunity grounds.

CONCLUSION AND PRAYER

20.     For each of these reasons, Deputy Jones and Deputy Guillen are entitled to summary judgment.

Respectfully submitted,

*/s/ William S. Helfand*
William S. Helfand
Attorney-in-Charge
SBOT: 09388250
Southern District of Texas Bar No. 8791
Norman Ray Giles
SBOT: 24014084
Southern District of Texas Bar No. 26966
Bridget Davidson
SBOT: 24096858
Southern District of Texas Bar No. 3005005

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
Attorneys for Deputy Jones
and Deputy Guillen

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the

following counsel of record in accordance with the District's ECF service rules on this 10th day

of May 2021.

David W. Henderson
dhenderson@equalrights.law
Jay D. Ellwanger
jellwanger@equalrights.law
*Attorneys for Plaintiff*

*/s/ William S. Helfand*